■ In the Matter of Joseph J. Kovacs et al., Respondents, v James Simmons et al., Appellants. [803 NYS2d 801]—

Mercure, J. Appeal from a judgment of the Supreme Court (Doyle, J.), entered January 27, 2005 in Ulster County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Trustees of the Town of Ulster Library Special Legislative District appointing respondent Anne Davis to the board of trustees.

In 1989, the Town of Ulster Library Special Legislative District was formed pursuant to an enabling statute that provided for a nine-member board of trustees, with three seats on the board to be held open for election each year and members elected to serve three-year terms (*see* L 1989, ch 211). At a September 2004 election to choose three trustees to serve the term beginning October 1, 2004 and ending September 30, 2007, the official paper ballot instructed voters to vote for only one candidate. In addition, the ballot did not include any specific lines to allow for write-in votes despite the fact that three positions on the board were vacant. The only name that appeared on the ballot was that of respondent James Simmons. Following the election, inspectors certified that 18 ballots had been cast, out of 7,657 eligible voters. A certification was filed listing the duly elected trustees as Simmons, with 13 votes, and petitioners, who each received three write-in votes.

Petitioners were subsequently sworn in as trustees and attempted to participate in the board's next monthly meeting. The board, however, refused to recognize petitioners or allow them to take their seats, asserting that the enabling statute prohibits election by write-in vote. Instead, the board appointed

respondent Anne Davis to fill one of petitioners' seats. Petitioners commenced the instant proceeding seeking to vacate the appointment of Davis and to have themselves adjudged to be trustees. Supreme Court granted the petition and respondents now appeal.

We affirm. Contrary to respondents' argument, that portion of the enabling statute that provides that "[c]andidates for the office of member of the board of trustees shall be nominated by petition" (L 1989, ch 211, § 2 [3]) cannot be construed as prohibiting election by write-in vote. As Supreme Court determined, the statute, on its face, merely delineates a nominating procedure to be followed by a person who wishes to have his or her name placed on the official ballot as a candidate for elective office (see Election Law § 1-104 [11]). A write-in ballot, in contrast, is defined as "a vote cast for a person whose name does *not* appear on the ballot labels" (Election Law § 1-104 [20] [emphasis added]; *see* Election Law § 7-106 [8]). Inasmuch as the statute addresses only the separate concept of nomination, we conclude that it cannot be rationally read to preclude the type of write-in votes that are contemplated by the Election Law. Accordingly, we agree with Supreme Court that the write-in votes in favor of petitioners are valid and the petition must be granted. Respondents' remaining arguments have been considered and found to be meritless.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.